O

FILED
CLERK, U.S. DISTRICT COURT
DEC 15 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYROME PERRY, Petitioner, vs. DOMINGO URIBE, Acting Warden, Respondent. | Case No. SACV 11-0692-RGK (RNB) ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed by petitioner, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objections have been made.

For the reasons stated in the Report and Recommendation, the Court concurs with and accepts the following findings by the Magistrate Judge:

1. Unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was September 21, 2005.

2. Petitioner has not met his burden of demonstrating that statutory tolling rendered the filing of the Petition herein timely.

3. Petitioner has not met his burden of demonstrating

entitlement to sufficient equitable tolling to render the filing of the Petition herein timely.

In his objections to the Magistrate Judge's finding that petitioner has not made a sufficient showing for application of the "actual innocence" exception to the AEDPA statute of limitations, petitioner contends that the Magistrate Judge "failed to recognize and address" petitioner's actual innocence claim. Specifically, petitioner takes issue with the following statement in the Report and Recommendation:

> *Here, petitioner is not contending that he is actually innocent of the crime of conviction (i.e., residential burglary). Rather, he is contending that he is "actually innocent" of the two prior convictions that were used to enhance his sentence. (See Am. Opp. at 8-12.)*

According to petitioner, this statement was factually incorrect because he is contending that he is actually innocent of his current conviction. The Court has reviewed petitioner's Amended Opposition to respondent's Motion to Dismiss. Section II of the Amended Opposition is entitled, "Petitioner's Claims of Error Fall Within the 'Actual Innocence' Exception to the AEDPA's Statute of Limitations." Subsection II.A is entitled, "Petitioner Is 'Actually Innocent" of the Habitual Criminal Allegations, Found to Be True by the Trial Judge. In that section, petitioner did contend that the "actual innocence" exception applied here because his waiver of counsel just before the start of his 1995 trial that resulted in the convictions used to enhance his current sentence was "not made knowingly and intelligently." Section II.B is entitled, "Petitioner's Decision to Waive Counsel, Both Before the Beginning of his 2001 Trial, and Again, Before Sentencing, Was Not Made Intelligently and Knowingly, Where It Was Based on Inaccurate Information From His Attorneys, Appointed to Represent Him." In that section, on page 12 of the Amended Opposition, petitioner did assert, "Petitioner has never wavered in his assertion of his

innocence of the charge of 1st degree burglary." Thus, petitioner is correct that the Magistrate Judge failed to address this part of petitioner's "actual innocence" claim.

However, the Magistrate Judge's rationale for rejecting the part of petitioner's "actual innocence" claim relating to the prior 1995 convictions applies with equal force to the part of petitioner's "actual innocence" claim relating to his current conviction. Petitioner has conflated the concept of actual innocence with the concept of legal innocence. To satisfy the Schlup standard, a petitioner must adduce evidence establishing his actual innocence, as opposed to legal innocence as a result of legal error. Petitioner has not even purported to adduce the requisite new reliable evidence of his actual innocence of the 2002 residential burglary conviction that was not presented in his 2002 trial. To the extent petitioner is relegated to contending that the Schlup standard does not apply to a petitioner seeking to invoke the "actual innocence" exception to the AEDPA statute of limitations based on alleged Gideon violations, the Court notes that Lee v. Lampert, 653 F.3d 929, 931-32 (9th Cir. 2011) (en banc) does not support such contention. Nor is the Court aware of any federal authority that supports such contention.

The Court therefore also concurs with and accepts the recommendations of the Magistrate Judge that the Court grant respondent's Motion to Dismiss and direct that Judgment be entered dismissing this action with prejudice.

IT IS SO ORDERED.

DATED: December 13, 2011

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE